UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jeffrey Oldenburg,

Plaintiff,

vs.

Gulf Stream Coach, Inc.,
and RV World, Inc.,

Defendants.        Civ. No. 06-3520 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendant Gulf Stream Coach, Inc. ("Gulf Stream"), to Transfer or Dismiss.[1]  A Hearing on the Motion was conducted on December 8, 2006, at which time, the Plaintiff Jeffrey Oldenburg ("Oldenburg")

---

[1]The Defendant RV World, Inc., has joined in Gulf Stream's Motion to Transfer. See, Docket No. 25.

appeared by Todd E. Gadtke, Esq.; Gulf Stream appeared by J. Christopher Grote, Esq.; and the Defendant RV World Inc. ("RV World") appeared by Bradley D. Hendrikson, Esq.

For reasons which follow, we recommend that Gulf Stream's Motion to Transfer be granted, and that this action be transferred to the United States District Court for the Northern District of Indiana.

## II.  Factual and Procedural Background

On July 26, 2004, Oldenburg, who is a Minnesota resident, purchased a recreational vehicle ("RV") from RV World, which is a Minnesota corporation engaged in the sale of RVs. The RV was manufactured by Gulf Stream, which is an Indiana corporation.  On August 15, 2006, Oldenburg filed a Complaint against RV World, and Gulf Stream, in Minnesota District Court, which alleged multiple defects in the RV, including a water leakage problem, and a recurring structural problem in which the cab of the RV would separate from the body. See, Complaint, Docket No. 1-2, ¶VII. In his Complaint, Oldenburg asserts claims against Gulf Stream, and RV World, for breach of warranty, pursuant to the Magnuson-Moss Warranty Act, Title 15 U.S.C. §§2301, et seq., and under both Minnesota statutory and common law. See, Complaint, supra at pp. 4-10. For relief, Oldenburg alleges that he is entitled to

- 2 -

a full recovery of the purchase price, as well as incidental and consequential damages. Id. at p. 10.

On August 31, 2006, Gulf Stream removed the action to this Court, and it subsequently filed an Answer, in which it claimed that it was willing to adhere to the terms of the Warranty and perform additional repairs on the RV, but that Oldenburg has refused that offer, and alleged that Oldenburg's attempt to "revoke acceptance" of the RV was invalid. See, Gulf Stream's Answer, Docket No. 3, at pp. 2-3. On September 5, 2006, RV World filed an Answer and Cross-Claim against Gulf Stream, asking for Judgment against Gulf Stream for indemnity or contribution, in the event that a final Judgment, unfavorable to RV World, was returned. See, RV World's Answer and Cross Claim, Docket No. 6-1. Gulf Stream replied to RV World's Answer and Cross-Claim on September 25, 2006, by seeking to Dismiss RV World's Cross-Claim, and transfer venue to Indiana. See, Docket No. 7-1. On October 19, 2006, Gulf Stream filed its present Motion to Transfer or Dismiss, Docket No. 9, that was referred to this Court on  October 23, 2006, Docket No. 16. On November 11, 2006, RV World joined Gulf Stream's Motion to Transfer or Dismiss. Docket No. 25. Oldenburg opposes that Motion. See, Plaintiff's Memorandum in Opposition, Docket No. 27.

Gulf Stream represents that each RV it manufacturers, including the one purchased by Oldenburg from RV World, comes with a written Limited Warranty, that is contained in the Subsequent Owner Warranty Registration ("Warranty Registration"). <u>Id.</u> at p. 3. The Warranty Registration, which was executed by both RV World and Oldenburg, reads in pertinent part, as follows:

> [T]he dealer (or an authorized representative) explained and/or demonstrated * * * all warranties. I certify that I inspected this unit with the dealer (or authorized representative) and that I was taken on a road test of the unit described above and acknowledge receipt of the Gulf Stream Warranty and all appropriate owner's manuals and warranties for the appliances and components and agree to comply with their terms.

<u>Affidavit of Anthony Suddon</u> ("<u>Suddon Aff.</u>"), <u>Docket No. 14</u>, at ¶¶4-6.

In addition, Oldenburg signed a Limited Warranty Agreement ("Warranty Agreement"), which provides as follows:

> I HEREBY ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THE ABOVE WARRANTY FOR GULF STREAM COACH PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY GULF STREAM RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE

> AND THAT THE APPLICABLE LAW SHALL BE THE
> LAW OF THE STATE OF MANUFACTURE.

Id. at ¶7; Exh. B. (capitalization in original).

The RV purchased by Oldenburg was manufactured in Indiana.  Id. at ¶5.  Finally, the

Limited Warranty signed by Oldenburg contained a forum selection clause, that states:

> Exclusive jurisdiction for deciding any claims, demands or
> causes of action for defects or representations of any nature
> or damages due from such defects or representations **shall**
> be in the courts in the State of Manufacture.  The law
> applicable to any litigation, dispute, mediation, arbitration or
> any claim whatsoever arising from the sale, purchase, or use
> of the recreational vehicle shall be those of the State of
> Manufacture.

Id., Exh. B. [emphasis added].

Given this background, Gulf Stream argues that the Northern District of Indiana is the

proper venue for this action, while Oldenburg opposes any transfer of the case.

### III.  Discussion

A.    The Defendants' Motion to Transfer.

Gulf Stream argues that the express warranty, upon which Oldenburg bases his

claims, contains a valid forum selection clause which specifies that the Courts within

the State of the RV's manufacture -- namely, Indiana -- have exclusive jurisdiction

over any claims brought under the warranty.  As stated previously, RV World  joins

in Gulf Stream's Motion, while Oldenburg contends that his claims are broader  than

a mere warranty claim, and that the forum selection clause is inapplicable to his action.

1.    Standard of Review.  Congress designed Title 28 U.S.C. §1404(a) "as

a 'federal housekeeping measure,' allowing for easy change of venue within a unified

federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981), quoting Van

Dusen v. Barrack, 376 U.S. 612, 635 (1964).  Section 1404(a) provides that, "[f]or the

convenience of the parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been

brought." Title 28 U.S.C. §1404(a).  Our Court of Appeals has enunciated a well-

settled analytical framework, for addressing transfer of venue questions under Section

1404(a), as follows:

> The statutory language reveals three general categories that
> courts must consider when deciding a motion to transfer:
> (1) the convenience of the parties, (2) the convenience of
> the witnesses, and (3) the interests of justice.

Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997), citing
Title 28 U.S.C. §1404(a).

However, the Court "is not limited to only those considerations," but rather, "transfer

determinations require a 'case-by-case evaluation of the particular circumstances at

hand.'" Same Day Surgery Centers, LLC v. Montana Regional Orthopedics, LLC,

2003 WL 79040 at *3 (D. Minn., January 6, 2003), quoting Terra Int'l Inc. v. Mississippi Chem. Corp., supra at 691; see also, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3ʳᵈ Cir. 1995).

"As expressed in the context of the doctrine of forum non conveniens, which was a precursor to Section 1404(a), the Supreme Court enunciated a general, nonexclusive list of private and public interests, which might assist the Courts in evaluating an effort to transfer venue." Durabla Manufacturing Co. v. Continental Casualty Co., 1998 WL 957250, at *2 (D. Minn., October 26, 1998), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). The Gilbert Court identified the private interests that should influence the selection of venue, as follows:

> [R]elative ease of access to the sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Gulf Oil Corp. v. Gilbert, supra at 508.

The Court then characterized some of the significant public interests in the following terms:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at

> its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.  In cases which touch the affairs of many persons, there is reason for holding the trial in view and reach rather than remote parts of the country where they can learn of it by report only.

Id.

In deciding a Motion for a transfer of venue under Section 1404(a), the moving party "bears a 'heavy burden' of showing that 'the balance of factors **strongly** favors'" a transfer.  Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996), quoting United States Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994)[Emphasis in original].

Generally, "federal courts give considerable weight to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  Imation Corp. v. Quantum Corp., 2002 WL 385550, at *6 (D. Minn., March 8, 2002), quoting Terra Int'l Inc. v. Mississippi Chem. Corp., supra at 695; see also, Brockman v. Sun Valley Resorts, Inc., 923 F. Supp. 1176, 1179 (D. Minn. 1996)(Court is "to defer to the Plaintiffs' choice of [forum] unless factors outlined in Gilbert strongly weigh in favor of transfer"); United Mortgage Corp. v. Plaza Mortgage Corp., supra at 315 ("There is a presumption in favor of the plaintiff's choice of forum."); but cf., Medtronic, Inc.

v. American Optical Corp., 337 F. Supp. 490, 497 (D. Minn. 1971)("[A] plaintiff's choice of forum is no longer entitled to the great weight given it under the doctrine of forum non conveniens.").  "A motion to transfer venue should be granted only where the defendant makes a clear showing that the action should be transferred, and it must be denied if the effect is merely to shift the inconvenience from one party to another." Same Day Surgery Centers, LLC v. Montana Regional Orthopedics, LLC, supra at *3.

Notably, "a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'"  Terra Intern., Inc. v. Mississippi Chemical Corp., supra at 691, quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see, Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006); M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999).  "[A]bsent some compelling and countervailing reason [the forum selection clause] should be honored by the parties and enforced by the courts.  M/S Bremen v. Zapata Off-Shore Co., supra at 12; see also, Carnival Cruise Lines, Inc. v.

Shute, 499 U.S. 585, 593-94 (1991)("Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.").

2.    Legal Analysis.   In the usual course, we begin with a presumption that, all other things being equal, an action should remain in the District in which it was first venued.   However, where a forum selection clause is "the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain."   Servewell Plumbing, LLC v. Federal Ins. Co., supra at 789, citing M/S Bremen v. Zapata Off-Shore Co., supra at 17.

a.    Validity and Applicability of the Forum Selection Clause.

As a preliminary matter, Oldenburg does not assert that his agreement to the forum selection clause was the product of fraud or overreaching, or that he was unaware of the contents of the clause prior to agreeing to its terms.[2]

---

[2]We note, in passing, that our Court of Appeals has left open the question as to
(continued...)

- 10 -

Oldenburg's sole argument, as to the applicability of the forum selection clause, is that the scope of his Magnuson-Moss Warranty Act claims are broader than the contract containing the forum selection clause, and that precedent in this Circuit requires a finding that the forum selection clause is inapplicable.  See, Plaintiff's Memorandum in Opposition, Docket No. 27-1, at 4.  In support of that proposition, he cites two (2) cases: an unpublished decision from a Court in this District, see, Imation Corporation v. Quantum Corporation, 2002 WL 385550 at *1 (D. Minn., March 8, 2002), and the decision of our Court of Appeals in Farmland Industries, Inc. v. Frazier-Parrott

---

<sup>2</sup>(...continued)
whether forum selection clauses should be interpreted, at least in actions where the Court is sitting in diversity, in accordance with applicable State or Federal law.  See, Servewell Plumbing LLC v. Fed. Ins. Co., 439 F.3d 786 (8th Cir. 2006).  However, since Oldenburg, and at least one Defendant, resides in the State of Minnesota, and Oldenburg's Complaint asserts a violation of the Magnuson-Moss Act, our jurisdiction is solely premised upon Federal Question Jurisdiction.  Accordingly, we analyze the forum selection clause pursuant to the test enunciated in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  See, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991)(applying Bremen, and noting that in an admiralty action, "federal law governs the enforceability of the forum-selection clause we scrutinize"); Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 28 n. 3 (1988) ("Our conclusion that federal law governs transfer of this case * * * makes this issue academic for purposes of this case, because the presence of a federal-question could cut only in favor of the application of federal law.").

Commodities, Inc., 806 F.2d 848, 852 (8th Cir. 1986), abrogated on other grounds,

Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989).

However, these cases are inapposite. In Imation Corporation v. Quantum

Corporation, supra, the District Court declined to enforce an otherwise valid forum

selection clause when the plaintiff's complaint asserted several claims, including

antitrust violations, that preceded the signing of the contract by several years, and the

Court concluded that the resolution of the antitrust claims were not only unrelated to

the interpretation of the contract, they did not relate to the same operative facts as the

breach of contract claim.   Id. at *5; see also, Claimserviceprovider v. St. Paul

Travelers Companies, Inc., 2006 WL 2989240, at *6 n.37 (E.D. La., October 18,

2006); Armco, Inc. v. North Atlantic Insur. Co., 68 F. Supp. 2d 330, 339 (S.D.N.Y.

1999)(refusing to apply forum selection clause based on numerous pre-contract

activities and fraud in the making of the contract).   In Farmland Industries, Inc. v.

Frazier-Parrott Commodities, Inc., supra, our Court of Appeals affirmed the refusal

of a District Court to enforce a forum selection clause when the contract was "tainted

by fraud," and noted that, "[t]o hold otherwise would be grossly unfair * * * because

it would force [the plaintiff] to comply with an agreement which never would have

been made had the existence of the fraud been known."   Id. at 851-52; see also, Root

v. GERS, Inc., 2002 WL 809539, at *4 (D. Neb., April 3, 2002)(forum selection clause not enforceable when plaintiff pleaded credible allegations of fraud on the contract).

Here, however, Oldenburg has not alleged any fraud, nor any other tort claim, that would fall outside of the broad forum selection clause, which expressly provides that "[e]xclusive jurisdiction for deciding **any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall** be in the courts in the State of Manufacture." Suddon Aff., Exh. B. [emphasis added]. Oldenburg freely admits to signing the contract and Warranty, and he has not advanced any argument that would invalidate the contract containing the forum selection clause. Nor does he allege any claims that precede the signing of the contracts at issue. While it is undoubtedly true that his claims, brought under the Magnuson-Moss Warranty Act, are not the precise claims asserted in his State law actions, they are based on identical operative facts, and arise out of the same transaction as those covered by the Warranty.

Moreover, the claims pled in his Complaint allege **express** violations of the Warranty, which Oldenburg concedes he had previously agreed to litigate in the State

- 13 -

of the RV's manufacture. Id.; see also, Complaint, at ¶¶XV, XX, XXVI, XXXIV, XXXVII. In addition, the language of the forum selection clause is broad, and provides that it applies to "**any** claims, demands or causes of action," and its application is rendered mandatory by inclusion of the term "shall." Suddon Aff., Exh. B. Accordingly, it is wholly appropriate for us to include, and give substantial weight to, the forum selection clause when analyzing the Defendants' Motion to Transfer. See, Servewell Plumbing, LLC v. Federal Ins. Co., supra at 789 ("Only 'some compelling and countervailing reason' will excuse enforcement of a bargained-for forum selection clause."), citing M/S Bremen v. Zapata Off-Shore Co., supra at 12 and Carnival Cruise Lines, Inc. v. Shute, supra at 593-94; Rainforest Café, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 547 (8th Cir. 2003); see also, ELA Medical, Inc. v. Arrythmia Management Associates, Inc., 2007 WL 892517 at * 5 (D. Minn., March 21, 2007); Hopkins v. Trans Union, L.L.C., 2004 WL 1854191 at *2 (D. Minn., August 19, 2004).

       b.    The Reasonableness of Indiana as a Forum in this Action.

       In general, as long as a forum selection clause is reasonable it will be upheld, even if it was not negotiated. See, Carnival Cruise Lines, Inc. v. Shute, supra at 593; see also, Wells Fargo Financial Leasing, Inc. v. Orlando Magic, 431 F.

Supp.2d 955, 961 n. 3 (S.D. Iowa 2006); ELA Medical, Inc. v. Arrythmia Management Associates, Inc., supra at *7-8.  Oldenburg argues that, even if the forum selection clause were applied to his action, the convenience factors of Title 28 U.S.C. §1404(a) demonstrate that it would be unreasonable to transfer this action to Indiana. In turn, the Defendants each contend that transfer is proper, if not mandatory.

In considering a motion to transfer, the Court must weigh the convenience of the parties, the convenience of the witnesses, the accessibility of records, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law, as well as the interests of justice, and the presence of a forum selection clause.  See, Terra Int'l, Inc. v. Mississippi Chem. Corp, supra at 696, citing Stewart Org., Inc. v. Ricoh Corp., supra at 29; Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp.2d 942 (D. Minn. 2006); see also, ELA Medical, Inc. v. Arrythmia Management Associates, Inc., supra at *5.  In addition, a forum selection clause that is mandatory is given greater weight than a permissive one.  See, Dunne v. Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003)(distinguishing between mandatory and permissive forum selection clauses); see also, Sheets v. Liberty Alliances, LLC, 2004 WL 1765333 at *4 (D. Minn., August 4, 2004)("Here, the forum selection clause sets forth proper venue in New York using mandatory language, namely that a dispute such as

this one "shall" be subject to the exclusive jurisdiction of New York courts," and "[t]herefore, the clause at issue is given greater weight than a permissive clause."), citing Best Buy Co., Inc. v. Onkyo U.S.A. Corp., 1991 WL 156571, at *2 (D. Minn., August 1, 1991).

In this case, both Oldenburg, and RV World, are Minnesota residents, while Gulf Stream is headquartered in Indiana.  Undeniably, it would be more convenient for Oldenburg to litigate his claims in Minnesota but, in view of the fact that Oldenburg freely entered into the contract containing a mandatory forum selection clause, we find that his convenience is entitled to less weight.  See, United Mortgage Corp. v. Plaza Mortgage Corp., supra at 315.  Since Oldenburg was aware, when he signed the contract, that he was agreeing to the State of the RV's manufacture as the exclusive forum for any disputes arising out of the purchase of his RV, this factor does not weigh in his favor.  Moreover, RV World has also joined in the Motion for transfer to Indiana, see, Docket No. 25, and accordingly, Oldenburg cannot argue that any inconvenience on RV World's behalf would preclude a transfer.  Accordingly, we find that the convenience of all of the parties, when all matters are considered, is a neutral factor.

In deciding convenience of witnesses, Courts will also consider the number of non-party witnesses, the preference for live testimony over depositions, and the location of the witnesses.  See, Graff v. Qwest Communications Corp.,Graff v. Qwest Communications Corp., 33 F. Supp.2d 1117, 1121 (D. Minn. 1999).  However, in attempting to show that the convenience of the witnesses would be better served in a particular forum, generalized allegations, that are bereft of any description of what those witnesses' testimony will be, are insufficient.  See, Durabla Manufacturing Co. v. Continental Casualty Co., supra at *4, citing Systemation, Inc. v. Engel Indus., Inc., 992 F. Supp. 58, 63 (D. Mass. 1997); Bacik v. Peek, 888 F. Supp. 1405, 1415 (N.D. Ohio 1993); Falconwood Fin. Corp. v. Griffin, 838 F. Supp. 836, 840-41 (S.D.N.Y. 1993); Oxford Transp. Servs., Inc. v. MAB Refrigerated Transp., Inc., 792 F. Supp. 710, 714 (D. Kan. 1992).

At this point, Oldenburg asserts that he plans to call a large number of fact witnesses, all of whom live in Minnesota, although it is not clear how critical the testimony of all of those witnesses, who apparently have only "experienced the repeat [sic] problems with the motor home," see, Plaintiff's Memorandum in Opposition to Motion to Transfer, Docket No. 27, at p. 18, will be.  Moreover, the RV World service technicians, who repaired the motor home, and who are likely to be called to

testify, are located in Minnesota, while those persons involved in the manufacture of the RV are likely to be located in Indiana. However, Gulf Stream is not specific about the number, or the identity, of the witnesses it would likely call, should this case proceed to Trial. Accordingly, we find that this factor lightly favors keeping this action in Minnesota.

The location of documents is neutral in this case, as Gulf Stream's documents are located primarily in Indiana, while Oldenburg's are located in Minnesota. Oldenburg further admits that the applicability of substantive law is neutral. See, Plaintiff's Memorandum in Opposition, Docket No. 27, at p. 20. While the RV at issue is currently located in Minnesota, the Record is unclear whether the RV would be fit for travel to Indiana on its own, although we surmise that the RV could be towed to Indiana, should the need for inspection by the Jury, or other interested party, arise. Accordingly, we find that these factors do not heavily weigh in favor of either party.

As to the location where the complained-of conduct occurred, Oldenburg suggests that his claims are "not centered on the motor home leaving the plant in a defective condition," but rather, on the inadequacy of repairs made to the RV after it was delivered. See, Plaintiff's Memorandum in Opposition, supra at 18. However, the argument is belied by Oldenburg's allegation, in his Complaint, that the defects in

- 18 -

the RV arose **prior** to being subject to any repairs or maintenance by RV World, or Gulf Stream.  See, <u>Complaint,</u> at ¶VI.  While we accept that all repairs on the RV were performed at RV World, in Minnesota, see, <u>Plaintiff's Memorandum in Opposition</u>, supra at 2, Oldenburg does not contest that the RV was manufactured in Indiana, or that Gulf Stream has offered to conduct further repairs, in keeping with the warranty, at its manufacturing facility in Indiana.  See, <u>Suddon</u> <u>Aff.</u>, supra at ¶3.  This argument also undermines the accuracy of Oldenburg's argument, that the location where the complained of conduct occurred was exclusively Minnesota, as the manufacture of the RV took place in Indiana.  See, <u>Plaintiff's Memorandum in Opposition</u>, at p. 19. Accordingly, this factor is neutral, or slightly in favor of Gulf Stream.

The "interests of justice," factor "has been deemed the most important §1404(a) factor," <u>Radisson Hotels Int'l, Inc. v. Westin Hotel Co.</u>, supra at 641, and represents a myriad of fact-specific considerations which implicate judicial economy and the public welfare.  See, <u>Durabla Manufacturing Co. v. Continental Casualty Co.</u>, supra at *4.  The potential factors to be considered include: judicial economy, see, <u>In re Warrick</u>, 70 F.3d 736, 740 (2ⁿᵈ Cir. 1996); the Plaintiff's choice of forum, see, <u>Terra Int'l Inc. v. Mississippi Chem. Corp.</u>, supra at 695; docket congestion, see, <u>Fannin v. Jones</u>, 229 F.2d 368, 369-70 (6ᵗʰ Cir. 1956), cert. denied, 351 U.S. 938 (1956); the

Courts' relative familiarity with the applicable law, see, <u>Van Dusen v. Barrack</u>, supra at 645; and, the desire to avoid multiplicity of related litigation, see, <u>Black & Decker Corp. v. Amirra, Inc.</u>, 909 F. Supp. 633, 639 (W.D. Ark. 1995). Oldenburg contends that the interest of justice factor cuts in his favor because he chose Minnesota as the forum, and in view of the parties' relative abilities to bear the expenses of litigation. <u>Novartis Seeds, Inc. v. Pioneer Hi-Bred International, Inc.</u>, 1997 WL 852110, at *3 (D. Minn., June 26, 1997).

We accept that Gulf Stream is better able to afford to litigate in a foreign forum than is Oldenburg. See, <u>Affidavit of Oldenburg</u>, <u>Docket No. 28-1</u>, at 3. However, his choice of forum is not given considerable weight in this case, since, as previously discussed, he signed a valid, mandatory forum selection clause. Moreover, Oldenburg does not dispute that an Indiana Court is capable of effectively deciding the issues in this case, and Gulf Stream notes that Indiana Courts are already familiar with the issues, having heard a number of similar consumer complaints regarding Gulf Stream's products. See, <u>Gulf Stream's Memorandum in Support</u>, supra at 15. As a consequence, this factor does not weigh heavily in favor of either party.

Consequently, because none of the factors which govern a Section 1404(a) transfer, including those that involve the "interests of justice," strongly favors

Oldenburg's argument that transfer to Indiana would be "unreasonable," such that we should not give credence, or controlling weight to the forum selection clause, which Oldenburg freely entered into in an arms-length transaction, we recommend that the Defendants' Motion to Transfer this proceeding to the Northern District of Indiana be granted.[3]

NOW, THEREFORE, It is --

RECOMMENDED:

That Gulf Steam's Motion to Transfer or Dismiss [Docket No. 9] be granted, and that this action be transferred to the United States District Court for the Northern District of Indiana.

Dated: April 17, 2007                    s/Raymond L. Erickson

                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

---

[3]Given the recommendation that we make, and the parties' representations at the Hearing, that this case be decided on the merits, we have no occasion to address the Defendants' alternative suggestion that this action be dismissed, pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, and Title 28 U.S.C. §1406(a).

- 21 -

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 4, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **May 4, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.